Eastern District of Kentucky
FILED
AUG 0 9 2007
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:06-CV-00043 KKC

MARK NICKOLAS,                                                                  PLAINTIFF,

vs.                           **OPINION AND ORDER**

GOVERNOR ERNIE FLETCHER, et al.,                    DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion to Certify this Court's March 30, 2007 Order for Interlocutory Appeal and Motion to Stay Proceedings [Rec. No. 31]. For the reasons stated below, the Court GRANTS the motion.

**I. BACKGROUND**

The Plaintiff, Mark Nickolas ("Nickolas"), filed suit for injunctive and declaratory relief pursuant to 42 U.S.C. §1983 against Defendants, Governor Ernie Fletcher, Secretary John Farris, and Secretary Robbie Rudolph in their official capacities ("the State"), challenging the State's decision to prohibit state employees from accessing websites classified as "blogs" from state-owned computers.

Nickolas filed a Motion for Preliminary Injunction requesting that the Court enjoin the State from blocking access to all blogs and in particular from blocking access to his blog. The State filed a Motion to Dismiss Nickolas's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The State argues that Nickolas lacks standing to bring this action because he does not have an injury in fact. On March 30, 2007, this

Court issued an Opinion and Order denying both parties' motions [Rec. No. 30]. The State now seeks to certify the issue of standing for interlocutory appeal and stay the proceedings in this Court pending appeal.

## II. ANALYSIS

Generally, only final decisions of the district court are appealable. *Swint v. Chambers County Com'n*, 514 U.S. 35, 41 (1995). However, 28 U.S.C. § 1292(b) grants the district court discretion to certify certain issues for interlocutory appeal. *Id.* at 47. Section 1292(b) provides that a district court may certify an issue for interlocutory appeal if the following conditions are met:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, in order to certify an issue for interlocutory appeal, four conditions must be met: "(1) The question involved must be one of law; (2) it must be controlling; (3) there must be substantial ground for difference of opinion about it; and (4) an immediate appeal must materially advance the ultimate termination of the litigation."*Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, (6th Cir. 1974)(internal quotation marks omitted). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

2

### A. Controlling Question of Law

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. Clearly, the issue of standing could materially affect the outcome of this case. Reversal of the Court's decision on standing would bar the Plaintiff from proceeding any further with the cause of action. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit)."

### B. Substantial Ground for Difference of Opinion

The Court determined that a decrease in readership constitutes a First Amendment injury sufficient to confer standing. *See Meyer v. Grant*, 486 U.S. 414, 422-23 (1988) ("The refusal to permit appellees to pay petition circulators restricts political expression" by "limit[ing] the number of voices who will convey appellees' message and the hours they can speak and, therefore, *limits the size of the audience they can reach*."). The Court remains confident in its decision, however, the Court recognizes that cases that have addressed the issue of standing in the context of the First Amendment have dealt with forms of communication that are very different from the distribution of information contained on a website. In the Opinion, the Court acknowledged the difficulty of applying those cases to the present cause of action. The Court determined that a decrease in readership constitutes an injury in fact regardless of the medium in which the information is communicated. However, recognizing the distinct nature of the Internet and the ease to which information may be readily obtained, the Court finds that there is substantial ground for difference of opinion on this largely novel issue.

### C. Material Advancement of the Ultimate Termination of this Litigation

3

*Discovery has not yet begun in this case.* The parties are still in the beginning stages of litigation. A reversal of the Court's decision on the issue of standing would completely terminate this action and bar any further proceedings, thus, eliminating the need for discovery and a trial. Therefore, the Court finds that this litigation will be materially advanced by certifying the issue of standing for interlocutory appeal. Because reversal of the Court's decision on appeal would completely deprive this Court of subject matter jurisdiction and result in dismissal of this action, the Court will stay the proceedings in this Court pending the decision of the Court of Appeals.

## III. CONCLUSION

Accordingly, it is ORDERED as follows:

(1) Defendants' Motion for Leave to Appeal this Court's March 30, 2007 Order with respect to the issue of standing [Rec. No. 31] is GRANTED;

(2) Defendants' Motion to Stay Proceedings pending appeal [Rec. No. 31] is GRANTED;

(3) within 30 days after the Court of Appeals resolves this matter either party may file a motion to lift the stay;

(4) Plaintiff's Motion for Order Directing an Answer and Rule 26(f) Conference [Rec. No. 35] is DENIED as MOOT;

This the 9th day of August, 2007.



Signed By:
Karen K. Caldwell
United States District Judge